WILLIAM COOMBS *et als.*, appellants from the decision of the county commissioners of Franklin county.

Franklin.    Decided November 23, 1878.

*Way.   County commissioners.   Appeal.*

The committee's report that the " proceedings of the commissioners " in discontinuing said way be reversed in part (describing the part), " and the residue of the proceedings of the commissioners be affirmed," is tantamount to declaring that the " judgment " of the commissioners be reversed as to the part described, and affirmed as to the remainder, and is sufficiently definite as a guide to the commissioners in the subsequent proceedings required by law.

An agreement by a land owner to claim no damages for a way located over his land does not vitiate the location.

ON EXCEPTIONS.

On the acceptance of the report of a committee appointed by this court.

The committee had made a former report that the proceedings of the commissioners in discontinuing said way be reversed in

part, viz: "From the north end of Porter Hill road (so called) to the line of land owned and occupied by William Coombs, and the residue of the proceedings of said commissioners be affirmed." That former report was re-committed.

In the second report "now offered," the committee say: "We do affirm our previous decision and report." Annexed to their report, and forming a part of it, was this paper, signed Samuel Mann:

"To whom it may concern. This is to certify that I agree to claim no land damages for the Coombs road, so called, crossing my land, if the road is sustained or built in whole or in part as the committee may decide."

The respondents' objections to the acceptance of the report were: "1. That the report shows no adjudication or decision of the matter and questions submitted to them. 2. That the committee were induced to make the report in consideration that Samuel Mann released his claim for land damages."

The presiding justice ruled that the facts alleged furnished no legal objection to the acceptance of the report; and the respondents alleged exceptions.

*S. Belcher,* for the respondents, contended that it was the duty of the committee to proceed *de novo* and make a new report; that they had no power to resuscitate their old and defunct report; that reversing or affirming proceedings was not reversing or affirming a judgment, and that Mann's gift of land damages was an improper influence.

*H. L. Whitcomb,* for the appellants.

Virgin, J. The committee refer to and adopt their former report. It was as competent for them to do so as to adopt any other paper. By so doing it became a part of their report upon which the court is to base its action.

To say (as the report does) that the "proceedings of the commissioners" in discontinuing said way be reversed in part (describing the part), "and the residue of the proceedings of the commissioners be affirmed," is the same as saying that the "judgment"

of the commissioners be reversed as to the part described and affirmed as to the remainder; and is sufficiently definite as a guide to the commissioners in the subsequent proceeding required by law, although we should not recommend it as a precedent.

The amount of damages to be paid is always an element to be considered as bearing upon the expediency of locating a way. The public convenience may require it, while its location might not be judicious at damages deemed extravagant. Nor does it render a location invalid if a private individual pays all the expense. *Gay* v. *Bradstreet*, 49 Maine, 580-5. No testimony was offered tending to show that the committee acted in disregard of, or that their judgment was not based upon the public convenience.

*Exceptions overruled.*

APPLETON, C. J., WALTON, BARROWS and LIBBEY, JJ., concurred.